1  HANK G. GREENBLATT, ESQ. / SBN: 143415
   **DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
2  20 Bicentennial Circle
   Sacramento, CA 95826
3  Telephone:  (916) 379-3500
   Facsimile:  (916) 379-3599
4  Email:  hgreenblatt@dbbwc.com

5  Attorneys for Plaintiff

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  MICHELLE TAFOYA,                          Case No.:

12         Plaintiff,                          **COMPLAINT FOR PERSONAL INJURIES**

13     v.

14  UNITED STATES OF AMERICA,

15         Defendants.

16  _____

17      Plaintiff MICHELLE TAFOYA complains against Defendants, UNITED STATES OF AMERICA,

18  and alleges as follows:

19      1.      This action arises under the Federal Tort Claims Act ("FTCA"), which acts as a

20  limited waiver of the government's sovereign immunity for liability in tort.  (28 U.S.C. §1346(b);

21  §2671, et seq.)  The FTCA provides that District Courts shall have exclusive jurisdiction over civil

22  actions against the United States for, inter alia, personal injury or death caused by the negligent

23  acts of its employees acting within the scope of employment.

24      2.      This Court has exclusive jurisdiction of this action under the provision of 28 U.S.C.

25  §1346(b).

26      3.      Plaintiff, MICHELLE TAFOYA, is a citizen and resident of the County of Sacramento,

27  and the cause of action on which this action is based arose in that County.  Thus pursuant to 28

28  U.S.C. §1402(b) and Rule 3-120, venue is properly established in this Court.

---

                              -1-

**Complaint for Personal Injuries**

4.   BRANDON S. LUCIOS, was, at all relevant times, an agent and employee of the DEPARTMENT OF THE AIR FORCE, and Plaintiff is informed and believes and thereon alleges, that at all relevant times, BRANDON S. LUCIOS was acting in the course and scope of that agency and employment.

5.   At all relevant times, the DEPARTMENT OF THE AIR FORCE, was the owner of the vehicle being driven and operated at the time and place alleged by its employee BRANDON S. LUCIOS.

6.   On or about May 22, 2018, Plaintiff filed a government tort claim in the amount of $260,000.00 with the United State Department of the Air Force.

7.   On June 1, 2018, the claim was received by the Department of the Air Force Headquarters 60th Air Mobility Wing (AMC).  However, the claim was outside of Travis Air Force Base's settlement authority, and was transferred to the Office of the Staff Judge Advocate at Joint Base Andrews, MD. . On June 20, 2018, Defendant acknowledged receipt of the claim from Travis Air Force Base, California.

8.   On May 30, 2018, Plaintiff MICHELLE TAFOYA was driving northbound on SR-99 in Turlock, in the County of Stanislaus, State of California.  At the same time and general location, BRANDON S. LUCIOS was driving on SR99 directly behind Plaintiff MICHELLE TAFOYA when she was rear ended by Defendant, thereby causing injury and damages to Plaintiff.

9   Defendants negligently entrusted, managed, maintained, drove, operated, and repaired the vehicle so as to cause the collision and the resulting injuries and damages to Plaintiff.

10.   As a result of the negligence of Defendants, Plaintiff MICHELLE TAFOYA suffered personal / bodily injuries, resulting in economic and non-economic damages.  Economic damages include, but are not limited to, (1) past and future medical and/or ancillary related expenses, (2) past and future income and/or earning capacity loss, (3) loss of ability to provide household services, and (4) incidental and consequential damages and/or property damage and loss of use. Non-economic damages include, but are not limited to (1) past and future physical and mental suffering, (2) loss of enjoyment of life, (3) physical impairment, (4) inconvenience, (5) anxiety,

-2-

**Complaint for Personal Injuries**

1   and (6) emotional distress.

2       Plaintiff, MICHELLE TAFOYA, prays for judgment against the Defendant, DEPARTMENT OF

3   THE AIR FORCE, for:

4       a.      Non-economic damages in excess of the jurisdictional limit of this Court;

5       b.      All medical and incidental expenses according to proof;

6       c.      All loss of earnings according to proof;

7       d.      Prejudgment interest to the extent permitted by law;

8       e.      All costs of suit; and

9       f.       Such other and further relief as this Court may deem just and proper.

10

11  DATED:                               **DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**

12          3/6/19

13                                       By: _____

14                                           HANK G. GREENBLATT

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Complaint for Personal Injuries**