1  MCGREGOR W. SCOTT
   United States Attorney
2  W. DEAN CARTER
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA  95814
4  Telephone: (916) 554-2781
   Facsimile: (916) 554-2900
5  Dean.Carter@usdoj.gov

6  Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE TAFOYA, | CASE NO.: 2:19-CV-00535-MCE-KJN |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Pursuant to the agreement of the parties before the Court during the informal telephonic discovery conference held on March 12, 2020, Plaintiff Michelle Tafoya and Defendant United States of America respectfully submit this stipulation and proposed protective order.

STIPULATION AND ORDER

1

| | | |
|---|---|---|
| Dated: March 13, 2020 | | MCGREGOR W. SCOTT<br>United States Attorney |
| | By: | */s/ W. Dean Carter*<br>W. DEAN CARTER<br>Assistant United States Attorney |
| | | Attorneys for Defendant<br>United States of America |
| Dated: March 13, 2020 | | DREYER BABICH BUCCOLA WOOD CAMPORA, LLP |
| | By: | */s/ Andrew Minney (authorized on 3/13/20)*<br>Andrew Minney |
| | | Attorneys for Plaintiff<br>Michelle Tafoya |

STIPULATION AND ORDER

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE TAFOYA, | CASE NO.: 2:19-CV-00535-MCE-KJN |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Pursuant to the agreement of the parties before the Court during the informal telephonic discovery conference held on March 12, 2020, it is hereby

**ORDERED** that Defendant United States of America's attorneys may communicate with Plaintiff Michelle Tafoya's treating healthcare providers about any medical matter as to which Plaintiff waived the physician-patient privilege by filing this case – that is, information relevant to the causes, treatment, extent, and consequences of the injuries for which Plaintiff seeks compensation – and any other non-privileged information concerning Plaintiff's health condition and medical history at the time of the incident; and it is further

**ORDERED** that each of the health care providers are authorized, but not required, by this Protective Order to disclose to defense counsel health information that directly or indirectly relates to the causes, treatment, extent, and consequences of the injuries that are the subject of this case. The health care providers may identify and refer to medical documents in the course of any discussion with defense counsel, and they may provide such documents or copies of such documents to defense counsel who shall then provide a copy of such documents to Plaintiff's counsel; and it is further

**ORDERED** that defense counsel shall provide to each health care provider this Protective Order and the attached Notice of Authorization to Release Medical Information sufficiently in

advance of engaging with that health care provider in any conversations pursuant to this Protective Order. Each health care provider may decide whether or not he or she will speak with defense counsel – with or without Plaintiff's lawyer present. Defense counsel should not suggest to the health care provider that he or she has any obligation to speak with them, and Plaintiff's counsel may not advise or encourage the health care provider not to speak with defense counsel. Each of the health care providers are also free to consult with his or her own attorney regarding this matter, and to have an attorney present during any communication with defense counsel. Each of the health care providers are also free to request that Plaintiff or his attorney be present at any interview with defense counsel; and it is further

**ORDERED** that any interview by Defendant shall include only one attorney representing Defendant, such that there is no other witness to the conversation other than the questioning attorney and the health care provider. If the health care provider's own counsel and/or Plaintiff or her counsel are present, then this restriction shall not apply; and it is further

**ORDERED** that Defendant, defense counsel, or any other agent of Defendant, may not use or disclose any health information obtained pursuant to this Protective Order for any purpose other than this litigation; and it is further

**ORDERED** that at the conclusion of this litigation, and at the written request of Plaintiff or his attorney, all recipients of health information obtained pursuant to this Protective Order shall return to Plaintiff, or destroy, any and all documents containing health information obtained pursuant to this Protective Order, except that health information included in insurance claims and law firm litigation files may be retained as necessary to allow compliance with the insurance laws and the Rules of Professional Conduct of California.

**SO ORDERED.**

Dated: March 18, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

tafo.535

STIPULATION AND ORDER

2

**NOTICE OF AUTHORIZATION TO RELEASE MEDICAL INFORMATION**

Plaintiff, Michelle Tafoya, has sued the United States of America (hereafter "Defendant") alleging injuries that resulted on March 30, 2018, as a result of a motor vehicle accident with an employee of the United States Air Force.

The case is now pending before the U.S. District Court for the Eastern District of California (Civil Action No. 2:18-cv-00535-MCE-KJN). Counsel for the parties have stipulated to a protective order allowing counsel for Defendant to speak informally with health care providers who, at various times, were treating Plaintiff. The Court has granted this request on certain conditions.

One condition is that Defendant's counsel must provide this notice in advance of any such conversations. The Court has authorized Defendant's counsel to speak with Plaintiff's health care providers if, and only if, the individual health care provider wishes to do so. If a health care provider chooses to speak with Defendant's counsel, he or she may disclose to the lawyer any medical information about Plaintiff that could be relevant to the causes, treatment, extent, and consequences of the injuries of Plaintiff. The health care provider may disclose only medical information that is relevant, directly or indirectly, to these injuries.

The health care provider may identify and refer to specific documents in the course of any discussion with Defendant's counsel, and the health care provider may provide such documents or copies of such documents to Defendant's counsel. The Court has ordered Defendant's counsel to keep this information confidential and to use it only in connection with this lawsuit.

The decision regarding whether to speak with Defendant's counsel is a decision for each of the health care providers to make individually, and neither side in the lawsuit may try to influence those decisions. If any of the health care providers so desire, they are free to consult with an attorney regarding this matter, and they may have their attorney and Plaintiff or Plaintiff's lawyer present for any discussion with Defendant's counsel, if they wish. These decisions are also entirely up to each of the individual health care providers.